UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
JASMINE L. FRANCIS,

                 Plaintiff,                             **MEMORANDUM & ORDER**
                                                     25-CV-02301 (NRM) (MMH)

        -against-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS,

                 Defendant.
-----------------------------------------------------x
NINA R. MORRISON, United States District Judge.

     Plaintiff Jasmine Francis filed this *pro se* employment discrimination action on October 6, 2025. Along with the complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). For the reasons discussed below, Plaintiff's request to proceed IFP is denied, and she is granted fourteen (14) days from the date of entry of this Order to pay the $405.00 filing fee.

## DISCUSSION

     A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). "A litigant need not be 'absolutely destitute' to qualify for *in forma pauperis* status but need demonstrate only that they 'cannot because of their poverty pay or give security for the costs and still be able to provide themselves and dependents with the necessities of life.'" *Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023) (quoting *Adkins v. E.I. DuPont*

*de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *Gil v. JP Morgan Chase Bank NA*, No. 23-CV-02268, 2023 WL 8567478, at *3 (E.D.N.Y. Dec. 11, 2023).

Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue" 28 U.S.C. § 1915(e)(2)(A), and courts in this district often treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. *See, e.g., Levy v. Exodus Movement Inc.,* No. 25-CV-2975, 2025 WL 1652146, at *1 (E.D.N.Y. June 10, 2025); *Harriott v. U.S. Postal Servs.*, No. 24-CV-7332, 2025 WL 20035, at *1 (E.D.N.Y. Jan. 2, 2025); *Lawrence v. Comm'r of Soc. Sec.*, No. 22-CV-2332, 2022 WL 1782586, at *1 (E.D.N.Y. May 31, 2022). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Grant v. 115th Precinct*, No. 24-CV-4183, 2024 WL 3252513, at *1 (E.D.N.Y. July 1, 2024).

The financial declaration form that Plaintiff has submitted does not satisfy the Court that she is unable to pay the Court's filing fee to commence this action. Plaintiff notes that she is employed and earns gross wages of $4,216.42, with a bi-weekly take-home pay of $2,594.44. (ECF No 2 at 1.) She further indicates that she has $3,000.00 in cash or in a checking or savings account. (*Id.* at 2.) Although she has monthly expenses, her declaration establishes that she has sufficient resources to pay the $405.00 filing fee to commence this action.

## CONCLUSION

Accordingly, it is hereby:

ORDERED that Plaintiff's request to proceed IFP is denied. If she intends to proceed with this action within fourteen days from the date of this Order, she is to pay the filing fee of $405.00 to the Clerk of Court. If she fails to pay the required filing fee in a timely manner, the action will be dismissed without prejudice and without further notice.

ORDERED that the Clerk of Court is directed to mail a copy of this Order to the Plaintiff and,

ORDERED that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:     November 5, 2025
           Brooklyn, New York